The Town of Stookey, St. Clair County, Illinois, a Municipal Corporation; and J. E. Weinel and Lucille Weinel, Individually and on Behalf of All Others Similarly Situated, Plaintiffs-Appellants, v. East St. Louis & Interurban Water Company, an Illinois Corporation; The City of Belleville, Illinois, a Municipal Corporation; Belleville National Savings Bank, a National Banking Association; and Chicago Title & Trust Company, an Illinois Corporation, Trustee, Defendants-Appellees.

Gen. No. 61–O–11.

Fourth District.

December 29, 1961.

Wagner, Conner, Ferguson, Bertrand & Baker of East St. Louis, for appellant.

Eugene H. Widman, of Belleville, and Isham, Lincoln & Beale, of Chicago, for appellee.

CULBERTSON, J.

This is an appeal from a decree of the Circuit Court of St. Clair County, and is before us on a transfer from the Illinois Supreme Court. The action originated as an action for declaratory judgment and other relief, instituted by The Town of Stookey, as against East St. Louis & Interurban Water Company, and the City of Belleville, and others. The Town of Stookey

seeks to prevent the defendant Water Company, which holds a franchise from the City of Belleville, from supplying water to customers in certain subdivisions which were outside the city limits of Belleville but adjacent thereto, and which subdivisions were later annexed to the City of Belleville. The Town of Stookey had issued non-callable revenue bonds and constructed a water distribution system to serve certain areas adjacent to the city limits of Belleville. The Town of Stookey has a written water supply contract with the said Utility Company, which serves the City of Belleville, which outlines the area including the subdivisions involved in the present case, to be served by The Town of Stookey and contains non-solicitation and non-encroachment covenants by both The Town of Stookey and the Utility Company. It is noted that the revenues from customers of The Town of Stookey are the only source of funds for payment of outstanding water works revenue bonds.

The City of Belleville, after annexation, ordered the Utility Company to extend its water mains into the annexed subdivision and to furnish domestic water service to the inhabitants of such subdivision, who for many years previously had been customers of The Town of Stookey. Such Town contends that the action of the City of Belleville in ordering such extension and the action of the Utility Company in complying therewith, are illegal and inequitable, and in violation of the non-solicitation and non-encroachment provisions of the water supply agreement between the parties. The contention is made that such action will deprive innocent third parties (the bondholders) of property without due process of law, unless it is determined that the Utility Company is "required" by its franchise agreement or otherwise, to comply with the order and direction of the City. The Town seeks to enjoin the service to the annexed subdivisions.

It is the defendant Utility Company and defendant City of Belleville's theory that the Utility Company has a duty under its franchise and under the regulations relating to public utilities to provide water for domestic purposes to any citizens of Belleville.

The water supply agreement between The Town and the private Utility Company contained an express provision to the effect that if the limits of the City of Belleville should be extended to include any of the territory in which the mains, pipe lines, and facilities of the Township have been installed, and from which service is then being rendered, and the Water Company is "required by franchise or contract, or otherwise," to furnish such service in the territory so annexed to the City of Belleville, nothing in the contract should be held to prevent the rendition of such service by the Water Company. It is thus noted that the agreement clearly excepted territories which would be annexed to Belleville even though supplied for a time by The Town of Stookey.

The franchise of the Water Company required the Company to provide service to the annexed territory and, in fact, even without a specific provision contained in the franchise, the Utility Company would be under a so-called "common law obligation" or requirement to provide such service to the annexed territory (City of Danville v. Danville Water Co., 178 Ill 299, 53 NE 118).

Some contention is made that the water supply agreement, if it constituted a division of territories agreement, would be invalid under the rules of cases such as Chicago Gas, Light & Coke Co. v. Peoples Gas Light & Coke Co., 121 Ill 530, 13 NE 169, and South Chicago Ry. Co. v. Calumet Elec. St. R. Co., 171 Ill 391, 49 NE 576. The provision, however, of the water supply agreement which was quoted in this

opinion, makes clear that there was no specific and unrelieved division of territories other than such as would follow the boundaries of the city in view of the fact that the type of agreement was designed to develop water service in the township. It is apparent that the Water Company was required to furnish such service and by contract provided that it had the right to serve if so required. Theoretically, the parties could have provided for an acquisition by the Water Company of the facilities of the Township then furnishing such service, if consistent with public rights and obligations so as to minimize the impact of loss of revenue. That, however, is not a problem which is before us in this case.

■ ■ Similarly, there is a contention by plaintiffs that certain provisions of the Cities and Villages Act (1959 Illinois Revised Statutes, Chapter 24, Section 7–31), require submission to a Court of the rights of a city and of the residents of a subdivision to secure water from the Water Company. That Section does not apply to the annexation of part of an unincorporated territory, but only, by its terms, to a division of incorporated territory between municipalities. It is contended by plaintiffs that since Article 7 includes a provision relating to annexation of townships, that the section referred to was one provision where the context does "otherwise provide." The subdivisions were annexed under Section 7–1 through Section 7–6a, of the Cities and Villages Act, and was not accomplished under the part of the Article referred to by plaintiffs. In any event, the provision of the Section referred to is only to the effect that annexed territory "shall have a right to service" from the utility owned by the divided municipality. That Section would mean that The Town of Stookey's right to serve in the subdivision would not be affected. This

would not in any manner prohibit service by the Water Company in the same territory.

We must therefore conclude that the decree of the Circuit Court of St. Clair County denying injunctive relief to plaintiff, was proper and should be affirmed.

Affirmed.

HOFFMAN, P. J. and SCHEINEMAN, J., concur.